IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUDSON KATULU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-cv-7529 ) |
| CITY OF MARKHAM and MARKHAM POLICE OFFICER M. BROWN, Star #533, and UNKNOWN OFFICERS, | ) ) ) ) |
| Defendants. | ) **JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, HUDSON KATULU, by and through one of his attorneys, Jared S. Kosoglad, and complaining of the defendants, CITY OF MARKHAM and MARKHAM POLICE OFFICER M. BROWN, Star #533, and UNKNOWN OFFICERS, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against the defendants for commiting acts under color of law, and depriving the plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### PARTIES

3. PLAINTIFF HUDSON KATULU is a resident of the United States of America, who currently resides in Cook County, Illinois.

1

4. DEFENDANTS OFFICER M. ROSS, Star #533, and UNKNOWN OFFICERS ("DEFENDANT OFFICERS") were, at the time of this occurrence, duly licensed Markham Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

5. DEFENDANT CITY OF MARKHAM ("CITY") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**FACTS**

6. On or about July 13, 2013, PLAINTIFF and others were approached by DEFENDANT OFFICERS. At the time of the approach, Plaintiff was not within or in possession of any motor vehicles.

7. At the time of their approach, neither DEFENDANT ROSS nor DEFENDANT UNKNOWN OFFICERS had a reasonable and articulable suspicion that PLAINTIFF had commited, was committing, or was about to commit a criminal act, and neither DEFENDANT ROSS nor DEFENDANT UNKNOWN OFFICERS had probable cause at all times relevant to believe that PLAINTIFF had commited, was committing, or was about to commit a criminal act.

8. Without reasonable suspicion or any other lawful basis, DEFENDANT OFFICERS stopped and seized Plaintiff Katulu, and without probable cause or any other lawful basis, DEFENDANT OFFICERS arrested Plaintiff Katulu.

9. Without any lawful basis, DEFENDANT ROSS used unreasonable and excessive force upon PLAINTIFF, including but not limited to tackling PLAINTIFF to the ground and

using blunt force strikes against the PLAINTIFF, causing pain and physical injury to PLAINTIFF.

10. Prior to and during the constituional violations described herein, DEFENDANT ROSS and DEFENDANT UNKNOWN OFFICERS knew that one another were about to and continue to use unreasonable and excessive force, illegally seize, and illegally arrest Plaintiff Katulu, and DEFENDANT OFFICERS had the opportunity to prevent each of the constitutional violations committed against Plaintiff Katulu.

11. DEFENDANT OFFICERS failed to intervene in the constitutional violations described herein.

12. DEFENDANTS ROSS and UNKNOWN OFFICERS charged and/or participated in the charging of PLAINTIFF without probable cause or any other lawful basis to believe Plaintiff Katulu had committed a crime.

13. DEFENDANT OFFICERS falsely charged and/or caused Plaintiff Katulu to be falsely charged with Traffic Violations, Battery, and Resisting/Obstructing Arrest.

14. DEFENDANTS ROSS and UNKNOWN OFFICERS failed to prevent the charging of PLAINTIFF, even though at all times relevant they knew Plaintiff was innocent of any and all crimes.

15. Although DEFENDANT OFFICERS impounded the vehicle in which PLAINTIFF had been a passenger, PLAINTIFF was not driving the vehicle and PLAINTIFF did not own the vehicle, and accordingly the DEFENDANTS had no lawful basis to impound the vehicle.

16. After PLAINTIFF was freed, Plaintiff asked to use the bathroom and was told by UNKNOWN DEFENDANT OFFICERS to use one inside the secure police facility.

When PLAINTIFF used the bathroom, UNKNOWN DEFENDANT OFFICERS unlawfully restricted Plaintiff's freedom of movement for an unreasonable period of time, PLAINTIFF was aware of the restriction on his movement, and PLAINTIFF was actually harmed by the unlawful restriction on his freedom.

17. On September 3, 2013, all charges against PLAINTIFF were dismissed in a manner indicate of Plaintiff's innocence.

18. As a direct and proximate result of one or more of the acts or ommissions of DEFENDANT OFFICERS, alleged above, PLAINTIFF suffered damages including but not limited to, physical injury, pain and suffering, humiliation, mental anguish, emotional distress, and financial loss.

### COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure
### Against Defendants ROSS and UNKNOWN OFFICERS

19. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

20. The searches and seizures of PLAINTIFF's person and property performed willfully and wantonly by DEFENDANT OFFICERS, as detailed above, were in violation of PLAINTIFF's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

21. As a proximate result of the above-detailed actions of DEFENDANT OFFICERS, PLAINTIFF was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused PLAINTIFF mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to PLAINTIFF's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 - False Arrest
### Against Defendants ROSS and UNKNOWN OFFICERS

22. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

23. The actions of DEFENDANT OFFICERS, described above, knowingly caused PLAINTIFF to be arrested and imprisoned without probable cause or any other justification, constituted deliberate indifference to PLAINTIFF's rights under the U.S. Constitution in violation of the Fourteenth and Eighth Amendment.

24. As a direct and proximate result of these Constitutional violations, PLAINTIFF was caused to suffer great pain, anguish, despair, and the loss of his liberty.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Excessive Force
### Against Defendants ROSS

25. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

26. The actions of DEFENDANT ROSS constituted unreasonable, unjustifiable, and excessive force against PLAINTIFF, thus violating his right under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

27. As a proximate result of the actions of DEFENDANT ROSS, alleged above, PLAINTIFF was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT ROSS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Failure to Intervene
### Against Defendants ROSS and UNKNOWN OFFICERS

28. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

29. The actions of DEFENDANTS ROSS and UNKNOWN OFFICERS described herein constituted unreasonable, unjustifiable, and excessive force against PLAINTIFF, as well as false arrest and illegal seizure, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

30. On or about July 13, 2013 and thereafter, DEFENDANT UNKNOWN OFFICERS failed to intervene when DEFENDANT ROSS used excessive force against PLAINTIFF, as alleged above, and each of the individual defendants failed to intervene in the unconstitutional searches, seizures, and arrest described by the other individual defendants herein.

31. As a proximate result of the above-detailed actions of DEFENDANTS, PLAINTIFF was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused PLAINTIFF mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to PLAINTIFF's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT UNKNOWN OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT V: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights
Against Defendants ROSS and UNKNOWN OFFICERS**

32. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

33. As described more fully above, DEFENDANT OFFICERS reached an agreement amongst themselves to frame PLAINTIFF for crimes he did not commit, and to thereby deprive PLAINTIFF of his Constitutional rights, all as described more fully throughout this Complaint.

34. In this manner, DEFENDANT OFFICERS, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

35. In this manner, DEFENDANT OFFICERS, acting in concert with each other, conspired and acted together to cover upa nd prevent disclosure of their respective misconduct, alleged above, by engaging in the following nonexhaustive conduct:generating false and incomplete official reports, and giving false and incomplete official statements.

36. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

37. In further of the conspiracy, alleged above, DEFENDANT OFFICERS, engaged in communications on or about July 13, 2013, and thereafter, by which the DEFENDANT OFFICERS agreed to facilitate, engage in, and support the actions and conduct alleged above.

38. As a direct and proximate result of the illicit prior agreement referenced above, PLAINTIFF's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of PLAINTIFF and others.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 745 ILCS 10/9-102 - Indemnification
### Against Defendant City of Markham

40. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

41. DEFENDANT CITY OF MARKHAM is the employer of DEFENDANT OFFICERS.

42. DEFENDANT OFFICERS committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Markham.

WHEREFORE, should any DEFENDANT OFFICERS be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT CITY OF MARKHAM be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

### COUNT VII: Malicious Prosecution – State Claim
### Against Defendants ROSS and UNKNOWN OFFICERS

43. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

44. By the actions detailed above, DEFENDANT OFFICERS knowingly sougth to and did in fact maliciously prosecute PLAINTIFF on false charges for which they knew there was no probable cause.

45. DEFENDANT CITY OF MARKHAM is sued in this Count pursuant to the doctrine of respondeat superior, in that DEFENDANT OFFICERS performed the actions complained of while on duty and within the scopre of their employment.

46. As a direct and proximate result of the malicious prosecution, PLAINTIFF was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, Plaintiff demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VIII: Intentional Infliction of Emotional Distress – State Claim
### Against Defendants ROSS and UNKNOWN OFFICERS

47. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

48. The conduct by DEFENDANT OFFICERS described herein was extreme and outrageous, exceeding all bounds of human decency.

49. DEFENDANT OFFICERS performed the acts detailed above with the intent of inflicting severe emotional distress on PLAINTIFF or with knowledge of the high probability that the conduct would cause such distress.

50. As a direct and proximate result of this conduct, PLAINTIFF did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

51. DEFENDANT CITY OF MARKHAM is sued in this Count pursuant to the doctrine of respondeat superior, in that DEFENDANT OFFICERS performed the actions complained of while on duty and within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

HUDSON KATULU

By:


s/ Jared Kosoglad


Jared S. Kosoglad, P.C.
118 S. Clinton Street, Suite 200
Chicago, IL 60661
312-513-6000
jared@jaredlaw.com